UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDALL CARLISLE ENTERPRISES, LLC          CIVIL ACTION NO. 15-cv-2130

VERSUS                                      JUDGE FOOTE

MAXUM INDEMNITY CO., ET AL                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Randall Carlisle Enterprises, LLC ("Carlisle") filed suit in state court against Maxum Indemnity Company ("Maxum") and Bryan & Scriber Insurance, LLC ("Bryan & Scriber"). Carlisle alleged that it purchased buildings in Claiborne Parish and contacted Bryan & Scriber to arrange insurance for them. The agency arranged a policy through Maxum. Carlisle later asserted a claim for property damage related to ice storms. Maxum denied the claim. Carlisle alleges in its state court petition that Maxum is liable under the policy and for penalties and, if there is no coverage, Bryan & Scriber is liable for breach of a duty to procure a policy that would afford coverage under the circumstances.

Maxum removed the case based on an assertion of diversity jurisdiction, so it bears the burden of setting forth specific facts to meet its burden of establishing subject-matter jurisdiction. The notice of removal does not satisfy that burden in some respects. It alleges that Carlisle is a Louisiana limited liability company and implies that Carlisle is, therefore, a citizen of Louisiana. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant.

Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

The court recognizes that Maxum may not possess the necessary membership information about Carlisle, and such information is not ordinarily available in public records. Accordingly, Carlisle is directed to promptly provide the detailed citizenship information to counsel for Maxum so that this preliminary issue of jurisdiction may be resolved quickly and efficiently. Maxum will be allowed until **August 28, 2015** to file an amended notice of removal and set forth the citizenship of Carlisle in accordance with the above rules.

Maxum makes a similar allegation with respect to the citizenship of Bryan & Scriber. It alleges that the entity is a Louisiana limited liability company, but it does not set forth the identity and citizenship of the entity's members. Maxum assumes that the LLC is a Louisiana citizen and argues that its non-diverse citizenship may be ignored under the improper joinder doctrine. Maxum is directed to include in the amended notice of removal detailed allegations of Bryan & Scriber's citizenship so that it may be determined whether the improper joinder doctrine must be applied.

Assuming that Carlisle and Bryan & Scriber do share Louisiana citizenship, the court is obligated to determine subject-matter jurisdiction, including whether the party is improperly joined, on its own initiative if necessary. <u>Gasch v. Haertford Acc & Indem. Co</u>. 491 F.3rd 278, 281 (5th Cir. 2007). Accordingly, if Carlisle contests the assertion that Bryan & Scriber was improperly joined, it must file a motion to remand, supported by a memorandum, by **September 11, 2015** and explain why there is a reasonable basis to predict that state law would allow Carlisle to recover against Bryan & Scriber. If Carlisle timely files a motion to remand, it will be noticed for briefing so that Maxum can respond and attempt to meet its burden on the improper joinder issue.

If Carlisle does not timely file a motion to remand and challenge the improper joinder plea, the court will consider Carlisle to concede the point, Bryan & Scriber will be dismissed, and the case will proceed toward a Scheduling Order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of August, 2015.

Mark L. Hornsby
U.S. Magistrate Judge