UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDALL CARLISLE ENTERPRISES, LLC    CIVIL ACTION NO. 15-cv-2130

VERSUS                                JUDGE FOOTE

MAXUM INDEMNITY CO., ET AL           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Randall Carlisle Enterprises, LLC ("Plaintiff") contacted an agent with Bryan & Scriber Insurance, LLC ("Bryan & Scriber") and asked to purchase property insurance on some buildings. Bryan & Scriber obtained coverage for the buildings through Maxum Indemnity Company ("Maxum").

Plaintiff later filed a claim for roof damage, which Maxum denied. Plaintiff filed suit against Maxum and Bryan & Scriber in state court. The defendants removed the case based on an assertion of diversity jurisdiction. They admitted that Plaintiff and Bryan & Scriber share Louisiana citizenship, but they argued the citizenship of Bryan & Scriber should be ignored under the improper joinder theory.

Plaintiff filed a Motion to Remand (Doc. 21) to challenge the improper joinder plea. Bryan & Scriber filed a Motion to Dismiss (Doc. 12) that presented essentially the same issues; Judge Foote has directed the undersigned to consider the arguments made in that motion to dismiss when assessing the motion to remand. Plaintiff also filed a Motion to

Amend Complaint (Doc. 27) in an effort to shore up its claims against Bryan & Scriber. Finally, Bryan & Scriber filed a Motion to Strike (Doc. 35) an exhibit submitted by Plaintiff. For the reasons that follow, it is recommended that the Motion to Amend be granted, the Motion to Strike be denied, and the Motion to Remand be granted.

**Improper Joinder**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit has since adopted the term "improper joinder" to describe the doctrine. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Only the second way is at issue in this case. That second test asks whether the defendant has demonstrated there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant. Smallwood, 385 F.3d at 573; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. Smallwood, 385 F.3d at 573. Any ambiguities in state law must be resolved in favor of the plaintiff. Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004).

A defendant who asserts improper joinder may also challenge the plaintiff's allegations by presenting summary judgment-type evidence and asking the court to "pierce the pleadings" and analyze the improper joinder claim based on that evidence. Defendants have not submitted any such evidence in this case. The parties rely solely on the Rule 12(b)(6)-type approach.

**Relevant Facts**

This is not a "pierce the pleadings" contest that includes summary judgment-type evidence, so the only relevant facts in this Rule 12(b)(6)-type challenge are found in the Plaintiff's petition. Plaintiff alleged in its original petition that it purchased two buildings in Athens that were formerly the Athens public school buildings. Plaintiff contacted Mike Scriber with Bryan & Scriber to "insure the buildings that it had purchased against property damage, including damage to the roof." Petition, ¶¶ 1-3. Scriber informed Plaintiff that he had "bound insurance coverage for [the] buildings, including the roof, through Maxum." ¶ 4. The policy was signed by an authorized representative, Plaintiff paid its yearly premium,

and a policy was issued in June 2014. Maxum sent a representative to inspect the buildings about 30 days later, "and no problems or defects in the roof were noted." ¶¶ 5-8.

An ice storm struck the area about nine months after the policy was issued. As a result of the storm, the flat roof began to leak at various locations throughout each of the buildings. Plaintiff alleged that it was apparent that the roof had been damaged by the ice storm. Plaintiff notified Scriber of the damage three days later. ¶¶ 9-11.

Another ice storm struck the area less than two weeks later, and the buildings and roof were covered in ice. As a result, Plaintiff's "flat roof began to leak at additional locations throughout each of the buildings." The roofs did not leak before the storms. Plaintiff contacted Scriber again and notified him of the additional damage. ¶¶ 12-15.

Scriber notified Maxum of the claims, but Maxum denied the claims for damage to the roof and the interior of the buildings. Plaintiff, through counsel, sent a demand letter. Maxum responded and again denied the claims. Plaintiff states that the denial was "ostensibly because the roof leaks and damage were caused by 'normal wear and tear', and thus an excluded 'occurrence' under the terms of the policy." ¶¶ 16-18. Plaintiff alleges that Maxum is liable for the damage to the roof, additional damage to the inside of the buildings due to the lack of repairs, and statutory penalties available under Louisiana law. ¶¶ 19-20.

Plaintiff dedicated only one paragraph (¶ 21) of the original petition toward the potential liability of Bryan & Scriber. It reads:

> If Maxum is correct in its assertion that no coverage lies herein, then Bryan & Scriber is liable unto plaintiff, in that Bryan & Scriber, through its principal/employee, Scriber, breached its duty to [Plaintiff] by representing

>that it had procured an insurance policy that would afford [Plaintiff] coverage under the circumstances. Plaintiff relied upon Bryan & Scriber's assurances that such coverage was in place at all times relevant hereto to its detriment.

**Motion to Amend Complaint**

After briefing on the motion to remand was completed, Plaintiff filed a Motion to Amend Complaint (Doc. 27) that proposed additional allegations against Bryan & Scriber. The proposed amendment would add allegations that Bryan & Scriber (1) did not provide adequate coverage despite telling Plaintiff that it was "fully covered," (2) procured a commercial rather than a residential policy, (3) did not explain the significance of a co-insurance provision, (4) did not procure replacement coverage as opposed to actual cash value coverage, (5) did not provide the best coverage available under the circumstances, and (6) did not advise Plaintiff that it was underinsured.

Defendants object that such an amended complaint may not be considered in assessing the improper joinder plea. The Fifth Circuit has indicated that a Plaintiff facing an improper joinder plea may not attempt to state a claim against the non-diverse defendant "under a legal theory not alleged in the state court complaint." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995). See also May v. Texaco, 73 Fed. Appx. 78, *2 (5th Cir. 2003) ("allegations made only in an amended complaint are beyond the scope of review for fraudulent joinder"). That is consistent with the general rule that "a complaint amended post-removal cannot divest a federal court of jurisdiction." Id. at 264.

Cavallini presented a similar case, where the plaintiffs sued State Farm and their local insurance agent. The defendants, citing the improper joinder doctrine, removed the case

despite a lack of diversity between the plaintiffs and their local agent. The Fifth Circuit agreed with the district court that the original state court complaint did not state a claim against the agent. The plaintiffs argued that the district court erred in denying their post-removal motion to amend their complaint in an effort to state a claim against the agent.

The Fifth Circuit held that the district court was correct that granting the motion was futile because the post-removal effort could not divest the court of jurisdiction. It explained that the "rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious." Cavallini, 44 F.3d at 264. "Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved." Id. Limiting the removal jurisdiction issue to the claims in the state court complaint avoids that problem and permits early resolution of which court has jurisdiction. Id.

That said, post-removal filings can be considered if they amplify or clarify facts alleged in the state court petition. It is only new claims or theories of recovery that must be disregarded. Akerblom v. Ezra Holdings, Ltd., 509 Fed. Appx. 340, 344 (5th Cir. 2013), citing Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999) (affidavit considered only to extent consistent with claims or theories in state court complaint).

Plaintiff alleged in the original petition that Bryan & Scriber "breached its duty to [Plaintiff] by representing that it had procured an insurance policy that would afford

[Plaintiff] coverage under the circumstances" and that Plaintiff "relied upon Bryan & Scriber's assurances that such coverage was in place." Most of the proposed additional allegations are consistent with that original claim, which was based on the Louisiana law duty (discussed below) of an insurance agent to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. As such, the new allegations of fact serve to clarify or flesh out the basic assertion of the original claim. The new allegations are not totally new or different theories of liability, but simply additional facts to explain the basis of the original claim of lack of reasonable diligence and notification. Under these circumstances, the proposed amended allegations may be considered in assessing the improper joinder issue, so the Motion to Amend Complaint (Doc. 27) should be granted**.**

Defendants also argue the request to amend came too late in the case. Plaintiff's counsel represented in the motion to amend that the allegations were not included in the original petition because he had only recently obtained a copy of the insurance policy, which alerted him to additional facts to support Plaintiff's claims against the agency. Defendants object that Plaintiff was in possession of the policy before it even filed this suit, which undermines counsel's allegation about the reason for delay. Counsel responds that his client may have had a copy of the policy, but counsel did not know that, as evidenced by his post-suit request that the insurer provide him a copy.

No matter when Plaintiff became charged with knowledge of the policy contents, the request to amend was not untimely. The case had been pending here only a short time, and

there had not even been a scheduling conference. There was no deadline set for amendment of pleadings, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). There is no reasonable basis to deny the motion for leave to amend based on its timeliness.

**Motion to Strike Exhibit**

Counsel for Plaintiff argued in the motion to amend that he did not receive a copy of the policy until after suit was filed. He backed the assertion by attaching a copy of an email in which counsel asked a Maxum representative for a copy of the policy, which Maxum then provided.

Bryan & Scriber filed a Motion to Strike Exhibit (Doc. 35) that argues the email should be stricken because it also contains settlement discussions that are inadmissible in evidence under F.R.E. 408. Plaintiff's counsel responds that it was during those settlement discussions, in connection with him obtaining a copy of the policy, that he realized for the first time the significance of the actual cash value and co-insurance provisions that resulted in some allegations in the proposed amended complaint.

It has been recommended that the Motion to Amend Complaint be granted and that the objection to its timeliness be overruled. The timeliness assessment did not rely on the alleged time of receipt of the policy, which renders moot the significance of the email in this setting. The email is harmless as an exhibit to the motion. Accordingly, it is recommended that the Motion to Strike (Doc. 35) be denied. The recommended denial does not speak to

whether the email would be admissible at a trial, which is a separate issue not presented by the motion.

**Propriety of the Joinder of Bryan & Scriber**

    **A. Timeliness of the Motion to Remand**

The law requires that a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Bryan & Scriber argues that Plaintiff's Motion to Remand is untimely because it was filed more than 30 days after removal.

Plaintiff's motion argues that the court lacks subject matter jurisdiction due to a lack of complete diversity of citizenship. Such a challenge to an improper joinder plea goes to subject matter jurisdiction and is not subject to the 30-day limit. Because the issue is jurisdictional, it may be raised at any time, even *sua sponte* on appeal. Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278 (5th Cir. 2007). Accordingly, timeliness is not an obstacle to consideration of the motion to remand.

    **B. Duty of a Louisiana Insurance Agent**

The Supreme Court of Louisiana recently stated that "[a]n insurance agent has a duty to his client to procure insurance coverage, as explained in Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728, 730–731 (La.1973)." Prest v. Louisiana Citizens Property Ins. Corp., 125 So.3d 1079, 1085 (La. 2012). The Karam Court held that "[a]n insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client

promptly if he has failed to obtain the requested insurance." Id., 281 So.2d at 730. "The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage." Id. at 730-31.

Prest explained the elements of such a claim. "To recover for losses resulting from an insurance agent's failure to procure insurance coverage, the plaintiff must establish: (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence to obtain insurance and to notify the client promptly of the absence of coverage; and (3) actions by the agent which warranted the client's assumption that he was insured in the amount of the desired coverage." Prest, 125 So.3d at 1086 (internal quotations omitted).

### C. Improper Joinder Analysis

The removing defendants have the burden to demonstrate there is no reasonable basis for this court to predict that Plaintiff might be able to recover against Bryan & Scriber under the applicable Louisiana law. Other federal courts have addressed similar situations in which insurance agents were said to have been improperly joined. The results vary, depending on the allegations in each particular case. See, e.g., Lapeyrouse v. State Farm Fire & Cas. Co., 2014 WL 4373273 (M. D. La. 2014) (conclusory allegation that agent failed to perform the services for which he was paid "in violation of the law" was not supported by facts; agent was improperly joined); Jaber v. State Farm Mut. Auto. Ins. Co., 2012 WL 3028288 (E. D. La. 2012) (agent alleged to have not sought appropriate level of coverage; remand ordered

in light of ambiguities in the relevant facts); White v. Allstate Ins. Co., 513 F.Supp. 2d 674, 683 (E. D. La. 2007) (plaintiffs alleged agent said all hurricane damages were covered and failed to increase coverage; remand ordered); Rowland v. State Farm Fire & Cas. Co., 2007 WL 3231665 (W. D. La. 2007) (no allegations were made that the policy was for less than requested or that agent failed to meet particular request for coverage; improper joinder found); Campo v. Allstate Ins. Co., 2007 WL 1232214 (E. D. La. 2007) (agent alleged to have negligently misrepresented the scope of business loss coverage; claim found to be adequate for purposes of improper joinder); and Duplantier & Meric Architects, LLC v. U.S. Fidelity and Guaranty Co., 2007 WL 954790 (E.D. La. 2007) (agent alleged to have breached duty by not advising plaintiff to purchase a flood rider or obtain other coverage for the losses suffered; improper joinder found because plaintiff did not allege agent failed to procure requested coverage or made any misrepresentations).

  Plaintiff in this case alleged in its original petition that Bryan & Scriber "breached its duty to [Plaintiff] by representing that it had procured an insurance policy that would afford [Plaintiff] coverage under the circumstances." Those circumstances, the ice storm damage to the roof, had been alleged earlier. Plaintiff added an allegation that it relied upon Bryan & Scriber's "assurances that such coverage was in place" at the relevant time. Plaintiff later amended the petition to add clarifying facts such as the claims that the agent did not provide adequate coverage despite advising Plaintiff that it was "fully covered," procured a

commercial rather than a residential policy, and did not procure replacement coverage as opposed to actual cash value coverage.[1]

The weakness in Plaintiff's claim begins with its apparent admission in the petition that Bryan & Scriber did procure insurance on the property. The petition does not point out any coverage that Plaintiff specifically requested but was not placed, or any other particular failures with respect to the policy that Bryan & Scriber obtained. The petition implies that Bryan & Scriber should have obtained a policy that provided coverage for normal wear and tear. To the extent such a policy is available, Plaintiff does not specifically represent that it requested such special coverage. A mere conclusory claim, albeit under a theory recognized by state law, is not sufficient to withstand an improper joinder plea. Larroquette v Cardinal Health 200, Inc., 466 F.3d 373 (5th Cir. 2006) (state law allowed intentional tort claim against an employer, but plaintiff's conclusory allegations of intent did not reasonably support such a claim; improper joinder finding affirmed).

On the other hand, Plaintiff described particular circumstances that led to a loss and squarely alleged that Bryan & Scriber breached its duty by representing that it had procured a policy that would afford coverage under those circumstances. The amendments add that the agent told Plaintiff that it was "fully covered," yet the policy provided only actual cash

---

[1] Replacement coverage is superior, as it covers the cost to repair or replace the damaged property. Actual cash value coverage pays only market value at the time of damage, which means depreciation is considered. Under an actual cash value policy, the insurer may pay little or nothing for an older roof even if the roof is damaged by a covered peril.

value coverage rather than replacement coverage. These allegations could be strengthened by more specific facts, but the undersigned finds that they are sufficient to withstand the improper joinder plea.

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood, 385 F.3d at 574. Courts that review an improper joinder plea do "not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308–09 (5th Cir.2005). And the court must ultimately resolve "any doubt about the propriety of removal ... in favor of remand." Gasch, 491 F.3d at 281–82.

Defendants have attacked Plaintiff's state law claim against Bryan & Scriber and shown that its supporting allegations are less than perfect, but Defendants have not met their burden of showing that the claim is a mere sham with no reasonable possibility of success in the state courts. It is likely that a state court, even if reviewing only the original petition, would deny an exception of no cause of action filed by Bryan & Scriber and allow the claim to proceed. Reasonable arguments to the contrary can be made, and this is a close case, but any doubt must be resolved in favor of Plaintiff and remand. Under these circumstances, the undersigned must recommend that the Motion to Remand be granted.

**Attorney Fees**

If at any time it appears that the court lacks subject matter jurisdiction, a case must be remanded. 28 U.S.C. § 1447(c). An order remanding a case "may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id.  Plaintiff asks for an award of $6,208.50 under this statute.

There is no presumption in favor of awarding fees following a remand, and the use of the term "may" in Section 1447(c) leaves the district court with discretion, with no heavy congressional thumb on either side of the scales. Martin v. Franklin Capital Corporation, 126 S.Ct. 704 (2005). That discretion is to be guided by the standard that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 711. "Conversely, when an objectively reasonable basis exists, fees should be denied." Id; Omega Hosp., LLC v. Louisiana Health Service & Indem. Co., 592 Fed. Appx. 268 (5th Cir. 2014) (reversing award of fees because there was an objectively reasonable, although unsuccessful, basis for removal).

The undersigned recommends that the case be remanded, but it cannot be said that the removing defendants lacked an objectively reasonable basis for seeking removal.  The many similar cases cited above in which improper joinder was found are evidence that there was at least a reasonable basis to pursue removal.  And Plaintiff likely could have avoided the removal and related fees had it done a better job of fleshing out its claim in the original petition.  The request for attorney fees should be denied.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Amend Complaint (Doc. 27) be granted and that Bryan & Scriber's Motion to Strike (Doc. 35) be denied.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 21) be granted and this case be remanded to the Second Judicial District Court, Claiborne Parish, Louisiana, where it was pending as Suit No. 40539.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of April, 2016.



Mark L. Hornsby
U.S. Magistrate Judge